UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS R. JONES ) | |
|       Petitioner, ) | |
| v. ) | Case No. 1:22-CV-001815 (CJN) |
| ) | |
| UNITED STATES ) | |
| PAROLE COMMISSION et al., ) | |
|       Respondents ) | |

### UNITED STATES' MOTION TO DISMISS DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion to dismiss petitioner Thomas R. Jones' Petition for a Writ of Habeas Corpus. For the reasons set forth below, the Court should summarily dismiss the petitioner's habeas petition.

### PROCEDURAL BACKGROUND

On November 22, 1993, petitioner shot the victim multiple times and killed him. In 1997, petitioner was convicted of murder and carrying a pistol without a license and sentenced to eight to twenty-four years' incarceration. *See* Exhibit 1, Prehearing Assessment at 1. Petitioner was paroled for the first time on September 12, 2008. *Id.* at 1. His parole has been revoked on two prior occasions, and a warrant issued on January 14, 2021, for use of drugs, failing to comply with GPS monitoring, and failure to report to his U.S. Probation Officer. Even though probable cause of petitioner's violations was found,[1] the USPC reinstated petitioner to supervision on April 20, 2021, with a sentence expiration date of May 14, 2031. *Id.*

---

[1] Contrary to petitioner's claim. *See* Motion p. 3.

Petitioner failed to comply with the conditions of parole, and on May 7, 2021, the USPC issued a warrant for him for failing to report for supervision after his release. *Id*. at 3. On September 21, 2021, the U.S. Marshals Service executed the USPC's warrant. *See* Exhibit. 2, Executed Warrant. On September 24, 2021, a hearing examiner found probable cause to believe that petitioner had violated the conditions of parole and scheduled a local revocation hearing. *See* Exhibit 3, Probable Cause Digest. The new criminal offense was not discussed at this hearing. *Id*. On November 1, 2021, the USPC conducted a revocation hearing and petitioner admitted to the violations with an explanation. *See* Exhibit. 4, Hearing Summary. The hearing examiner determined that the re-parole guidelines were twelve to sixteen months. *Id*. at 2. At the conclusion of the hearing, the hearing examiner recommended: "Revoke Parole. None of the time spent on release shall be credited. Parole effective on 9/20/2022 after the service of 12 months. With guideline credit of 3 months prior to the warrant's execution, you will serve 15 months on guidelines of 12-16 months." *Id*. at 3.

The USPC agreed with the hearing examiner's recommendation. *See* Exhibit 5, Record of Revocation Decision. On November 18, 2021, the USPC issued a notice of action that stated: "Revoke parole. None of the time spent on release shall be credited. Continue to a presumptive parole on September 20, 2022 after service of 12 months." *See* Exhibit 6, Notice of Action. The notice did not contain the statement about guideline credit for three months before the USPC warrant's execution or the total service of time under the guidelines.

Jones appealed the USPC's decision claiming, among other things, that the USPC committed error by not crediting him with the time he spent on parole from his previous release from custody until the date the USPC's warrant was executed. *See* Exhibit 7, Notice of Action on Appeal. The USPC National Appeals Board explained that because he was first held in Arlington

2

County Jail on a Virginia probation violation warrant, and the USPC's warrant was lodged as a detainer until September 21, 2021, he was not entitled to credit towards the service of the D.C. parole sentence until he was serving time under the custody of the USPC's warrant. *Id*.

In June 2022, as a result of an inquiry from petitioner's counsel, the USPC discovered an error on the notice of action issued on November 18, 2021, which left out a portion of the USPC's decision. On June 13, 2022, the USPC issued a corrected notice of action which correctly reflected the USPC's decision: "Revoke parole, none of the time spent on release shall be credited. Parole effective September 20, 2022 after the service of 15 months." *See* Exhibit 8, Notice of Action.

On June 29, 2022, petitioner filed a Petition for a Writ of Habeas Corpus. ECF No. 1. On September 20, 2022, petitioner was released on parole with a sentence expiration date of May 14, 2031. *See* Exhibit 9, Certificate of Parole.

## **ARGUMENT**

Petitioner fails to state a claim upon which relief may be granted. Petitioner's current habeas petition claims the USPC: 1) failed to credit time spent in local custody towards the service of the sentence; 2) violated its regulations when it forfeited the time petitioner spent on parole; and 3) extended the parole violator term and his sentence by three months in retaliation for challenging its decision as a violation of the regulations. ECF No. 1. On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if the complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). As the Supreme Court explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955 (Although for the purposes of

3

> a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as rule a legal conclusion couched as a factual allegation" (internal quotation marks omitted))… Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed Rule Civ. Pro. 8(a)(2).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

A cursory review of petitioner's pleading reveals that it falls short of the threshold established by *Twombly*. Indeed, it does not even make "threadbare recitals of the elements of a cause of action" as it fails to provide a modicum of evidence that the USPC acted improperly. We will address each of his claims in turn.

First, contrary to petitioner's argument that the USPC failed to credit time served in local custody, the USPC's decision in fact accounts for the three months petitioner spent in Virginia custody. The corrected notice of action issued on November 18, 2021, reflects the USPC's decision to grant parole on September 20, 2022, after the service of fifteen months, which consists of three months that petitioner was in Arlington, Virginia, custody and twelve months after the USPC's warrant was executed. *See* Exhibit 8, Notice of Action. Petitioner appears to be conflating credit towards the service of the sentence with credit towards the re-parole guidelines. The USPC's decision granted petitioner full guideline credit for time in custody, but he is not entitled to receive sentence credit for that time.

When petitioner was released on parole on April 20, 2021, he had a balance of time remaining on his sentence, which was to expire on May 14, 2031. *See* Exhibit 1, Prehearing

4

Assessment at 1. The issuance of the warrant on May 7, 2021, tolled the running of petitioner's original sentence, which did not begin to run again until the warrant was executed on September 21, 2021. *See* 28 C.F.R. §2.100(d)(1). The time petitioner spent in state custody before the warrant was executed *is not* credited towards the service of his D.C. sentence. *See* 28 C.F.R. §2.21(c); 28 C.F.R. §2.100(d)(2).

The re-parole guidelines assist the USPC in making a decision to grant or deny parole on the violator term and are made with reference to at 28 C.F.R. §2.21. *See* 28 C.F.R. §2.81(a). Here, the guidelines were twelve to sixteen months to serve before being released, and the USPC decided that Petitioner should serve fifteen months for the violations before being re-paroled. *See* Exhibit 4. The USPC's regulations at 28 CFR §2.100(d)(2) require the USPC to give credit against the re-parole guidelines for periods of time a parolee was in custody for a new offense or violation. However, the regulations explicitly state that the computation of the sentence is not affected by guideline credit. *See* 28 CFR §2.21(c); *Joiner v. Henman*, 902 F.2d 1251, 1254(7th Cir.1990) (distinguishing between crediting parole violator with time served on a new sentence for guideline purposes and crediting him with time for sentence calculation purposes); *Bowen v. U.S. Parole Comm'n*, 805 F.2d 885, 888 (9th Cir. 1986) (explaining the difference between sentence credit and re-parole guidelines credit); *Berg v. U.S. Parole Com'n*, 735 F.2d 378, 379 (9th Cir. 1984); *Staege v. U.S. Parole Com'n*, 671 F.2d 266, 269 (8th Cir. 1982). Therefore, the USPC complied with the regulations and petitioner received credit towards the service of the re-parole guidelines (fifteen months total service for the violations), but he was not entitled to also have time before the execution of the warrant credited towards the completion of the remainder of his sentence.

Second, the USPC correctly forfeited all of the time petitioner spent on parole under D.C. Code § 24-406. District of Columbia law governing revocation of parole generally requires credit

for "street time," which is time spent on parole, when calculating the time remaining on a parole violator's original sentence. *See* D.C. Code § 24-406(c)(1). However, there are three exceptions to this requirement: 1) if the releasee is convicted of a crime committed during a period of supervision and the crime is punishable by a term of imprisonment of more than one year; 2) if the releasee is convicted of a crime committed during the period of supervision and the crime is punishable by a term of imprisonment of one year or less unless the USPC determines that such forfeiture of credit is not necessary to protect the public welfare; and 3) if, during the period of release, the releasee intentionally refuses or fails to respond to any reasonable request, order, summons, or warrant of the USPC or any member or agent of the USPC, but the USPC may only order that the releasee not receive credit for the period of time that the USPC determines that the parolee failed or refused to respond to such a request, order, summons, or warrant. *See* D.C. Code § 24-406(c), *see also* 28 C.F.R. §2.105(d). Here, petitioner was convicted under Section 18.2-250 Code of Virginia schedule II – a Class 1 misdemeanor punishable by up to twelve months in prison. §18.2-11. *See* Exhibit. 10, Virginia Arrest and Conviction. Although the exception at D.C. Code § 24-406(c)(2)(A) for forfeiture of street time did not apply, the exception under §(c)(2)(B) applied because the USPC found that forfeiture of the time spent on supervision was necessary to protect the public welfare. In fact, the hearing examiner remarked, "Additionally, due to this conviction, this Examiner recommends none of the time spent on parole be credited." *See* Exhibit 4 at 3. Therefore, as expressly authorized, the USPC has forfeited all of the time petitioner spent on parole.

Lastly, the USPC's action to issue a corrected notice of action on June 13, 2022, did not constitute retaliation. Petitioner's claim of retaliation is based on the false premise that the USPC changed its decision between the issuance of the notice of action on November 18, 2021, and the

corrected notice of action on June 13, 2022. In fact, the June 2022 corrected notice merely corrected an oversight in the prior notice of action and was issued to reflect the complete decision of the USPC. *See* Exhibit 5, Record of Revocation Decision (created October 4, 2021, and updated June 13, 2022). This is demonstrated by the recommendation of the hearing examiner in his summary of the hearing, which occurred before the corrected notice was issued: "With guideline credit of 3 months prior to the warrant's execution." Clearly, the hearing examiner intended to credit the time petitioner spent in local custody in Arlington, Virginia towards the service of the guidelines. *See* Exhibit 4 at 3. The examiner's recommendation was ultimately adopted by the USPC, but the decision on the notice of action issued on November 18, 2021, was in error to the extent it departed from the examiner's finding.

To the extent that petitioner is pursuing a claim that the USPC violated his First Amendment rights by retaliating against him by issuing a longer parole violator term in June 2022 there is no merit to his claim. First, there was no actual increase in the term imposed by the USPC and, second, there was no triggering event that resulted in the alleged harsher decision. In the prison context, a First Amendment retaliation claim requires: 1) An assertion that the state actor took adverse action against the subject; 2) because of; 3) the prisoner's protected conduct, and that such action; 4) chilled the prisoner's exercise of his First Amendment rights; and 5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68(9th Cir. 2005); *Gambrell v. Fulwood*, 950 F. Supp. 2d 109, 122 (D.D.C. 2013), aff'd, 612 F. App'x 3 (D.C. Cir. 2015).

Here, there was no adverse action taken that would increase the time petitioner was required to serve. There was only a correction of a clerical error which left off a portion of the decision. The release date of September 20, 2002, remained the same and petitioner has not shown

any protected conduct that caused the USPC to issue the alleged more adverse decision, such as a successful appeal, or court challenge. In fact, the error was discovered, and the correcting notice of action issued, after counsel sought clarification about the decision. Therefore, the USPC's notice of action issued on June 13, 2022, did not constitute retaliation against petitioner.

As such, this Court should dismiss this matter because petitioner has failed to state a claim for *habeas* relief.

## CONCLUSION

Wherefore, for all the reason stated herein, the government respectfully requests that the Court dismiss petitioner's petition for habeas corpus. A proposed order is attached.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

MARGARET J. CHRISS
Assistant United States Attorney
Chief, Special Proceedings Division

PETER S. SMITH
Assistant United States Attorney
Deputy Chief, Special Proceedings Division

By:    /s/
Amanda Williams
Assistant United States Attorney
U.S. Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
202-809-2057
Amanda.williams3@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 6th day of December 2022 I caused a copy of the foregoing to be served via ECF.

                                                       */s/ Amanda Williams*
                                                      AMANDA WILLIAMS
                                                      Assistant United States Attorney