# REVOCATION HEARING SUMMARY

**Name: JONES, Thomas**                                                                                       **Reg No: 05208-000**

**Hearing Parameters:**

    Hearing Format .........................................: In-Person
    Hearing Type ............................................: Local Revocation
    Hearing Date ...........................................: 11/1/2021
    Examiner .................................................: Christopher  Whitmer
    Institution ................................................: CTF
    Second Designation ..................................:

**Addtional text regarding the above parameters:**

**Prior Action:** Please see the Prehearing Assessment dated 10/1/2021, prepared by Examiner D. McLean.

**Counsel:**  Rosalyn Overstreet-Gonzalez, Public Defender's Service, Washington, DC

**Witnesses:**  Karen Holston, CSO

**Procedural Considerations:**  None.

**Charges:**

**Charge No. 1 - Failure to Report to Supervising Officer as Directed.**
   **Evidence Presented:** The subject said he was picked up on a warrant and after a probable cause hearing, he was released. He said the officer at the jail told him he needed to contact the U.S. Parole Commission. He said when he released, he was sick and could not stay at his mother's home, due to the sickness, so he stayed at a friend's home. He said he did not know who his supervision officer was so he called the intake unit at CSOSA and left several messages for them to let him know who his CSO was. He said he was also on probation in Virginia at the same time and tried to reach out to them also. He said the Judge in Virginia reinstated him to probation after being charged with not reporting, because he did not have a phone. He said he thought he was starting over from the beginning again when he went back on supervision and did not know who his supervision officer was supposed to be. The subject stated that during prior periods of supervision, records show that he always contacted Ms. Holston. He was adamant he did not know who his CSO was and that he was always given a new CSO when he returned to supervision. Ms. Karen Holston, CSO, gave the following testimony: She said the subject was supposed to make contact with her 24 hours within being reinstated to supervision on 4/20/2021. She said the subject never reported to her. She said the subject was also under supervised probation in Virginia, so she contacted that officer in Virginia, who indicated the subject had not been in contact with them either. Ms. Holston said the subject knew he was supposed to contact her. She said she had been in contact with his mother and sister. She said the subject has been on supervision before and knows how it works. She said anytime a client leaves a message at the

## REVOCATION HEARING SUMMARY

call-in area, those calls are forwarded to the CSO and she never received anything indicating he called CSOSA.
   **Finding of Fact:** A finding of violation was rendered on this charge.
   **Basis:** The testimony provided by Karen Holston, CSO.

**Charge No. 2 - Law Violation - Conviction (Possession of a Scheduled III Substance (Cocaine)).**
   **Evidence Presented:** The subject admitted to this charge. He said he was held in custody from 6/15/2021 and taken to Virginia for this charge and released to the Commission's warrant on 9/21/2021. When asked was the substance was, he said he "thinks" it was cocaine. He said during a search they told him they found it on his person. He would not elaborate on the charge. When asked if he knew how the substance came to be on his person, he said "I pled guilty to the charge" but would not admit he had cocaine or how it came to be there. He simply said he accepts responsibility for the charge and wanted to leave it at that.
   **Finding of Fact:** A finding of violation was rendered on this charge.
   **Basis:** The subject's admission and conviction.


**Discipline:** None.

**Release Plans:**  The subjected indicated he will reside at ███████████████████ Arlington, VA.

**Final Statement:**  Ms. Gonzalez said the subject is still receiving unemployment benefits. She said he is in a wheelchair due to a back injury and needs treatment. She said as it relates to Charge 1, his failure to report was not intentional. She said the subject has been forthright regarding his shortcomings. She requested the Commission take into consideration the criminal charge was supplemented at the hearing and not part of the expedited offer. She said if Charge 2 was included in the expedited offer, they would have accepted it. She asked that the Commission give him guideline credit for time served on Charge 2 and he receive a sentence at the bottom of the guidelines.

## Guideline Parameters

**Severity Justification:**  Category One because it involved because it involved Possession of Scheduled III Substance (Cocaine) and administrative violations.
**Salient Factor Score:**  3
**Re-parole Guideline Range:**  12-16 months

**Evaluation:**  The offender is 48 years of age and appearing before the Commission on his 4th warrant. He was last reparoled on 5/12/2020, with a Full Term Date of 10/25/2026. The offender was provided with an expedited offer, dated 10/6/2021, for a term of 12 months and no credit for time spent on parole from 4/21/2021 through 9/20/2021. The subject refused the offer.

The offender denied he failed to report to his CSO, due to not knowing who his CSO was supposed to be. He said he called the CSOSA in-take number several times and left messages.

## REVOCATION HEARING SUMMARY

CSO Holston said no calls from that line were ever forwarded to her and the offender never contacted her directly.

As it relates to Charge 2, the offender admitted to his conviction. However, during questioning, he would not elaborate on the circumstances of his conviction. He said police searched him and they told him they found cocaine on his person. He said he did not know what the substance was until they told him. When asked about knowing he had cocaine on his person, the subject was short with is response and simply said he admitted to the offense and accepts responsibility. He did not want to comment further on the charge.

This Examiner made findings on Charge 1, based on the testimony of CSO Holston. A finding was made on Charge 2, based on the offender's admission and conviction. The Offense Severity is Category One and his Salient Factor Score is 3, resulting in guidelines of 12-16 months. The offender is credited with 3 months guideline credit prior to the Commission's warrant being executed.

This Examiner recommends a term on the upper range of the guideline, based on the offender failing to contact his CSO after being reinstated to supervision, then committing new criminal conduct. Additionally, due to this conviction, this Examiner recommends none of the time spent on parole be credited.

**Recommendation:**  Revoke Parole. None of the time spent on release shall be credited. Parole effective on 9/20/2022 after the service of 12 months. With guideline credit of 3 months prior to the warrant's execution, you will serve 15 months on guidelines of 12-16 months.

**Guideline Use:**  After a review of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

**I certify that I have reviewed this hearing summary.**


**Christopher  Whitmer, Hearing Examiner**

CW
11/05/2021

**Executive Reviewer's Comments:**