| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>90 K Street, N.E., 3rd Floor<br>Washington, D.C. 20530 | **Notice of Action** |

| | |
|---|---|
| Name: **JONES, Thomas**<br>Reg. No: **05208-000** | Institution: **D.C. Central Detention Facility** |
| DCDC No: **258-784** | Date: **February 02, 2022** |

In the case of the above-named, the following action was ordered:

Affirm the previous decision.

**Reasons:**

In your appeal, through your attorney, you argue that: (1) the Commission made a procedural error in your case and a different decision would have resulted had the correct procedure been followed; and (2) there are especially mitigating circumstances in your case which justify a different decision. For the following reasons, the National Appeals Board denies your appeal.

In your first ground on appeal, you argue that the Commission "made several violations of [your] constitutional and procedural rights during [your] revocation process." Instead of outlining your issues on the provided appeal form, you have pointed the National Appeals Board to a letter you sent to the Commission on November 14, 2021. While this is procedurally deficient, the National Appeals Board still understands the crux of your arguments. Namely, you take issue that the U.S. Marshals, the Commission's agent to execute the Commission's warrant, executed the Commission's warrant and took you to the Arlington County, Virginia holding facility rather than a federal or D.C. holding facility. By your logic, this invalidated the Commission's warrant. However, Virginia authorities also had an outstanding warrant for your arrest due to probation violations. Therefore, you were lawfully detained by the authority of the Virginia warrant and the Commission's warrant was lodged as a detainer against you. The National Appeals Board finds there were no procedural errors in this process. The Marshals complied with all legal obligations in your arrest. Therefore, the National Appeals Board denies your first argument in your first ground on appeal.

In your second argument in the letter you sent on November 14, 2021, you complain that the Marshals and Arlington County Sheriff's office injured you during the arrest and booking procedure. However, you have provided no evidence to support these claims to the National Appeals Board. Further, this does not implicate deficiencies in the Commission's process on how your parole was revoked. Rather, this would be a civil matter to pursue against those authorities, rather than the Commission. Therefore, the National Appeals Board finds no grounds upon which to grant you relief regarding any alleged abuse you suffered during your arrest.

In your third argument in the letter you sent on November 14, 2021, you complain that your public defender failed to explain that you could receive a worse sanction from the Commission if you failed to accept the Commission's expedited revocation offer. The National Appeals Board finds this argument unpersuasive. The expedited revocation offer clearly explains that you were to have a revocation hearing after declining the expedited revocation offer. Furthermore, you were on notice of the terms of your

U.S. Department of Justice                                                       **Notice of Action**
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

---

parole and that you had an obligation to observe all state, federal, and local laws. The Commission also emailed your public defender prior to your hearing informing her that your possession of cocaine conviction in Arlington County would be considered at your revocation hearing. As a result, the Commission's inclusion of your conviction for possession of cocaine did not violate your rights or any parole revocation procedures. Therefore, the National Appeals Board declines to grant you relief on this claim.

In your second claim on your appeal form, you argue that the Commission committed error by not crediting you with the time you spent on parole from your previous release from custody until the date the Commission's warrant was executed. In support of your argument, you cite to 28 C.F.R. § 2.105(d)(1) which states "[e]xcept as provided in paragraphs (d)(2) and (d)(3) of this section, the Commission shall grant a revoked parolee credit toward completion of the sentence for all time served on parole." However, you received a conviction for possession of cocaine which could have been charged as a felony. Therefore, the exception in 28 C.F.R. § 2.105(d)(2)(i), which states "[t]he Commission shall forfeit credit for the period of parole if a parolee is convicted of a crime committed during a period of parole and that is punishable by a term of imprisonment of more than one year," is applicable. Furthermore, because you failed to stay in contact with your supervising officer, another exception as stated in 28 C.F.R. § 2.105(d)(3) also applies in your case. Therefore, the Commission had two grounds upon which to not award you any time you spent on parole since your previous release from custody. As such, the National Appeals Board denies your second ground on appeal.

In your third ground on appeal, you argue that because you were arrested on June 15, 2021 and the Commission imposed a 12 month sanction for your violations of the terms of your parole, you should be released no later than June 15, 2022. The National Appeals Board notes that you were first held in Arlington County Jail on your Virginia warrant for violating the terms of your Virginia probation. The Commission's warrant was lodged as a detainer to be executed when you were released from your Virginia warrant. The Virginia authorities did not release you from the custody of their warrant to the custody of the Commission's warrant until September 21, 2021. You were not entitled to credit towards the service of your DC parole eligible sentence until you were serving time under the custody of the Commission's warrant. Therefore, the National Appeals Board finds no merit to your third ground on the appeal form.

In your final ground on appeal, you argue that there are especially mitigating circumstances in your case which justify a different result. In particular, you claim your medical conditions justify an earlier release from custody rather than the September 20, 2022 date already given. The National Appeals Board notes that the Commission is presumed to have considered the entirety of your file including all matters in mitigation as well as in aggravation. Additionally, the injuries you allege to be suffering from occurred prior to your revocation hearing and were examined at your hearing. Based on a review of your file and the materials presented on appeal, the National Appeals Board does not find the Commission's decision to be in error as the mitigating circumstances do not clearly outweigh the aggravating ones. Therefore, the National Appeals Board denies your final ground on appeal.

**THE ABOVE DECISION IS NOT APPEALABLE..**

---

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>90 K Street, N.E., 3rd Floor<br>Washington, D.C. 20530 | **Notice of Action** |

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:

Rosalyn Overstreet-Gonzalez
District of Columbia - DC
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004
District of Columbia

Delta Team
Designation & Sentence Computation Ctr
U.S. Armed Forces Reserve Complex
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

dvd